

No. 3:17-CV-00823-CWR-FKB

COURTNEY L. OVERTON,

*Plaintiff,*

*v.*

ADVANCED RECOVERY SYSTEMS,
*et al.*

*Defendants.*

───────────────

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS
FOR SUMMARY JUDGMENT

───────────────

Before CARLTON W. REEVES, *District Judge*.

In this suit, debt collectors Advanced Recovery Systems and the Simpson Law Firm stand accused of using unfair practices

while attempting to collect a debt from Courtney Overton.[1] The question here is whether to dismiss Overton's claims.

# I

# Undisputed Facts

In December 2014, Defendants obtained a default judgment against Courtney Overton in Mississippi state court for $1,648.57 in unpaid medical bills.[2] The judgment, when increased by 33% to account for attorney's fees, entitled Defendants to obtain "$2,198.09, plus all costs of court together with interest at the rate of 8.00% per annum from and after October 8, 2014."[3]

In June 2015, Overton's then-employer, the University of Mississippi Medical Center, received a writ of garnishment from Defendants.[4] The writ required the Medical Center to garnish Overton's wages to satisfy the judgment – which, as stated on the writ, was in the amount of $2,198.09 "plus interest, and all

---

[1] This is the third time that Advanced Recovery has come before this Court accused of wrongful debt collection practices. Previously, Advanced Recovery was found to have broken federal law by "communicat[ing] credit information which is known or which should be known to be false," *Sayles v. Advanced Recovery Sys., Inc.*, 206 F. Supp. 3d 1210, 1211 (S.D. Miss. 2016), *aff'd*, 865 F.3d 246 (5th Cir. 2017), and by failing to disclose certain information to debtors. *McWilliams v. Advanced Recovery Sys., Inc.*, 174 F. Supp. 3d 936, 944 (S.D. Miss. 2016). Advanced Recovery currently faces a class action suit alleging that it sends threats and misleading information to debtors. *See Complaint* in *Norwood v. Advanced Recovery Sys., Inc.*, 3:18-CV-00302-HTW-LRA (S.D. Miss.).

[2] *Default Judgment*, Docket No. 2-1 at 10.

[3] *Id*.

[4] *June 2015 Medical Center Writ of Garnishment*, Docket No. 2-1 at 14.

costs of court."[5] The writ did not give a figure for that cost-and-interest sum, nor did it state how the Medical Center was supposed to calculate and garnish that undisclosed sum. The Medical Center complied with the writ by garnishing $2,198.09 from Overton's wages between September 2015 and March 2016.[6] Advanced Recovery subsequently informed credit reporting agencies that one of the two debts linked to the judgment had been satisfied.[7]

In April 2016, Defendants wrote to the Medical Center requesting further garnishment, noting that "the balance remaining on the garnishment is $593.98."[8] Defendants' letter contained no accounting for this sum. Nevertheless, the Medical Center responded by garnishing another $155.15 from Overton's wages.[9] However, in June 2016, the Medical Center told Defendants that it had stopped garnishing Overton's wages, as she had left its employment.[10]

Defendants responded to this news by doing nothing for five months, waiting until November 2016 to ask the Mississippi state employment agency to identify Overton's new employer.[11] The agency apparently told them the employer was Dunaway Food Service; however, Dunaway advised Defendants that it no longer employed Overton.[12] After another three

---

[5] *Id*.

[6] *Payment Activity Report*, Docket No. 2-1 at 16.

[7] *Declaration of Steven Bridwell*, Docket No. 8-2.

[8] *April 2016 Letter to Medical Center*, Docket No. 10-2 at 39.

[9] *May 2016 Letter to Medical Center*, Docket No. 10-2 at 40.

[10] *June 2016 Medical Center Answer to Garnishment*, Docket No. 10-2 at 41.

[11] *November 2016 Subpoena*, Docket No. 10-2 at 18.

[12] *March 2017 Dunaway Writ of Garnishment*, Docket No. 10-2 at 23; *March 2017 Dunaway Answer to Writ*, Docket No. 10-2 at 26.

month period of inaction, Defendants sent another of Overton's employers, Sanderson Farms, a writ requesting garnishment of $561.01 "plus additional costs of court, and interest accruing from June 19, 2017 at 8.00% per year."[13] Again, Defendants failed to include an accounting for this figure. The writ also said Sanderson would have to contact Defendants to obtain a "final updated payoff amount" – a qualification not present in the earlier writ to the Medical Center.[14] Sanderson responded by saying it would begin to garnish Overton's $13-an-hour wage in September 2017.[15]

Defendants were unsatisfied. They filed a motion in state court asking it to force Sanderson to "immediately remit any and all garnishment withholdings" and continue to garnish Overton's wages on a monthly basis.[16] In the motion, Defendants overstated the amount Overton owed by $195, telling the court that the December 2014 judgment was for "$2,393.09 and all costs of court, plus interest at the rate of 8.00% per annum from and after October 8, 2014."[17] The court granted Defendants' request,[18] and Sanderson said it would begin remitting portions of Overton's wages in October 2017.[19]

---

[13] *June 2017 Sanderson Writ of Garnishment*, Docket No. 10-2 at 31-32.

[14] *Compare id. with June 2015 Medical Center Writ of Garnishment*, Docket No. 2-1 at 14.

[15] *Answer of Garnishment*, Docket No. 10-2 at 20.

[16] *Motion for Immediate Remittance of Garnishment Withholdings,* Docket No. 10-2 at 34.

[17] *Id*.

[18] *Order for Immediate Remittance*, Docket No. 10-2 at 36.

[19] *Letter to Simpson Law Firm*, Docket No. 10-2 at 37.

Overton responded by filing this lawsuit, which includes claims under both state law and the federal Fair Debt Collection Practices Act.[20] Defendants removed pursuant to federal question jurisdiction and filed the present motions.[21]

## II

### Analysis

Defendants say their motions can be resolved as either motions to dismiss under Federal Rule of Civil Procedure 12 or motions for summary judgment under Federal Rule of Civil Procedure 56. As Defendants have submitted exhibits in support of their motions, the Court will view them as motions for summary judgment.

To prevail on those motions, Defendants must show "there is no genuine dispute as to any material fact" that could establish its liability to Overton.[22] To resolve the motion, the Court must "view the evidence and draw reasonable inferences in the light most favorable" to Overton.[23]

Drawing the appropriate inferences from the evidence, there are genuine disputes about the following facts. First, by overstating the amount of the judgment they sought to obtain from Overton, Defendants made a false representation to a court. Second, through miscommunications with the Medical Center about the method of garnishment and months-long

---

[20] *Complaint*, Docket No. 2-1 at 2-11.

[21] *See Advanced Recovery Motion to Dismiss, or in the Alternative, Motion for Summary Judgment*, Docket No. 8; *Simpson Motion to Dismiss, or in the Alternative, Motion for Summary Judgment*, Docket No. 10.

[22] *See* Fed. R. Civ. P. 56.

[23] *Maddox v. Townsend & Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011).

periods of inaction, Defendants unnecessarily prolonged the debt collection process and generated improper charges for interest and costs. Third, Defendants improperly calculated the interests and costs to be garnished from Overton's wages. Finally, Advanced Recovery misinformed credit reporting agencies when, after receiving garnishments from the Medical Center, it told the agencies that Overton's debts were only partially satisfied.

The remaining question is whether these facts – if believed by a jury – would establish liability under her claims.

## A

## Fair Debt Collection Practices Act

The Act bans "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt," including the false representation of the "amount . . . of any debt,"[24] as well as "unfair or unconscionable means to collect or attempt to collect any debt."[25] A jury could believe that Defendants' actions violate these prohibitions. The motions for summary judgment on Overton's claim under the Act are DENIED.[26]

---

[24] *False or Misleading Representations*, 15 U.S.C. § 1692e.

[25] *Unfair Practices*, 15 U.S.C. § 1692f.

[26] Defendants do not argue that the Act preempts Overton's state law claims. Even if they had, their argument would likely fail. *See Albright v. Allied Int'l Credit Corp.*, No. CV-034828-CAS-RZX, 2003 WL 22350928, at *1 (C.D. Cal. Aug. 25, 2003) (holding that the Act "only preempts laws affording consumers less protection" than the Act itself); *see also Binion v. Franklin Collection Servs., Inc.*, 147 F. Supp. 2d 519, 522 (S.D. Miss. 2001).

## B

## Negligence

No Mississippi court has explicitly ruled that debt collectors can be held liable for negligent debt collection. However, federal courts applying Mississippi law have found that, through a negligence claim, debtors can hold creditors vicariously liable for the abusive practices of their agent debt collectors.[27] Vicarious liability in Mississippi is "purely derivative," and must be predicated on the negligence of the agent.[28] Therefore, following the logic of other federal courts, this Court finds that debtors can hold debt collectors liable for negligence. Given that Defendants acted as debt collectors here, a jury could believe their actions constitute negligence. The motions for summary judgment on Overton's negligence claim are DENIED.

## C

## Fraud

A fraud claim requires, among other things, proof of a false representation.[29] Defendants give a single reason to dismiss Overton's fraud claim: "there was no false representation made to Overton's employer, Sanderson Farms, because the amount sought in the Writ of Garnishment was owed."[30] A

---

[27] *Fouche' v. Shapiro & Massey L.L.P.*, 575 F. Supp. 2d 776, 783 (S.D. Miss. 2008) (discussing *Freeman v. CAC Fin., Inc.*, No. 3:04-CV-981-WS, 2006 WL 925609, at *3 (S.D. Miss. Mar. 31, 2006)); *see also Salem v. J.P Morgan Chase & Co.*, No. CIV.A. 3:09CV421DPJJ, 2009 WL 4738182, at *3 (S.D. Miss. Dec. 4, 2009).

[28] *J & J Timber Co. v. Broome*, 932 So. 2d 1, 6 (Miss. 2006).

[29] *Franklin v. Lovitt Equip. Co.*, 420 So. 2d 1370, 1373 (Miss. 1982).

[30] *Supra* n. 21.

jury could believe, however, that Defendants made *other* false representations in the process of collecting Overton's debt. The motions for summary judgment on Overton's fraud claim are DENIED.

## D

### Breach of Implied Covenant of Good Faith

"The implied covenant of good faith and fair dealing holds that neither party will do anything which injures the right of the other to receive the benefits of [an] agreement. The implied covenant operates only where there is already an existing contract."[31] Overton has provided no evidence to support a belief that she had the necessary contract with either Defendant. The motions for summary judgment on Overton's breach of the implied covenant are GRANTED.

## E

### Defamation

Overton's claim for defamation is based on Defendants having made harmful debt-related statements to her employers through writs of garnishment. However, the Fifth Circuit has held that "Mississippi courts consider statements made in connection with judicial proceedings, if in any way relevant to the subject matter of the action, as absolutely privileged and immune from attack as defamation."[32] The motions for

---

[31] *Cothern v. Vickers, Inc.*, 759 So. 2d 1241, 1248 (Miss. 2000).

[32] *Lehman v. Holleman*, 526 F. App'x 346, 348 (5th Cir. 2013) (quotation marks omitted); *see also Clinton v. Johnson*, No. 5:12-CV-84-DCB-RHW, 2013 WL 870361, at *6 (S.D. Miss. Mar. 7, 2013).

summary judgment on Overton's defamation claim are therefore GRANTED.

## F

## Fair Credit Reporting Act

Overton failed to expressly plead a claim under the Fair Credit Reporting Act. However, the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."[33] Overton's pleadings amount to a claim that Advanced Recovery violated the Act's ban on providing inaccurate information to a credit agency.[34] The sole piece of evidence submitted on this issue is testimony suggesting that, at some point, Advanced Recovery told credit agencies Overton's debts had been partially satisfied.[35] The lack of specifics about the timing or content of this report leaves a genuine dispute about whether Advanced Recovery violated the Act. To the extent that Advanced Recovery sought summary judgment on a claim under the Act, its motion to do so is DENIED.

The parties are directed to contact the chambers of the magistrate judge within 10 days so that a case management order can be entered.

SO ORDERED, this the 7th day of June, 2018.

s/ CARLTON W. REEVES<br>
*United States District Judge*

---

[33] *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346 (2014).

[34] *See Responsibilities of Furnishers of Information to Consumer Reporting Agencies*, 15 U.S.C. § 1681s-2.

[35] *Supra* n. 7.